IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**

**VS.**                      **4:07-CR-00010-WRW**
                             **4:09-CV-00824-WRW**

**FRANK WHITBECK**

## ORDER

Pending is Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. No. 54). The Prosecution has responded.[1] The motion is DENIED.

**I.  BACKGROUND**

On May 8, 2008, Petitioner pled guilty to mail fraud.[2] On October 23, 2008, he was sentenced to 72 months in prison[3] and the Judgment was entered October 28, 2008.[4] Petitioner did not appeal his sentence.

**II.  DISCUSSION**

Petitioner asserts that his sentence should be vacated and reduced based on newly discovered evidence. According to Petitioner, this new evidence shows "additional misconduct by Metropolitan demonstrating that its mistreatment of Whitbeck was not an isolated instance."[5]

Attached to Petitioner's motion is a May 14, 2008, "Amended Counterclaim" from a state court case between Metropolitan National Bank and Tom Terminella. Petitioner contends that the

---

[1] Doc. No. 56.

[2] Doc. No. 19.

[3] Petitioner also was directed to pay a fine of $12,000 and $3,787,188 in restitution.

[4] Doc. Nos. 42, 49.

[5] Doc. No. 54.

1

Amended Counterclaim shows that "Metropolitan had engaged in a course of conduct designed to pressure real estate developer Thomas A. Terminella and his business interests to modify a loan agreement to Metropolitan's benefit and Terminella's detriment."[6]  Petitioner also asserts that "Metropolitan, through its president, wrongly induced Terminella's business partner, Tom Morter, to decline to testify [at Petitioner's sentencing hearing] in exchange for a favorable resolution of the bank's claims against Morter . . . ."[7]

According to Petitioner, "had the Court known of this misconduct, the Court would have sentenced him to less than the six years to which he was sentenced."[8]

When a § 2255 habeas petition is based on newly discovered evidence, the court must consider "five prerequisites":

> (1) the evidence must have been discovered after the trial; (2) the failure to discover the evidence must not be attributable to a lack of diligence on the part of the petitioner; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and, (5) the evidence must be likely to produce an acquittal if a new trial is granted.[9]

Petitioner's "new" evidence fails to meet most, if not all, of these requirements.

As for parts 1 and 2 of the test, this "new" evidence was not discovered after the trial (sentencing hearing), but was known to or, with due diligence, should have been known to Petitioner at the time of his sentencing. For example, the Amended Counterclaim that Petitioner asserts is new evidence was filed on May 14, 2008, by a party represented by Mr. James Pennick. Petitioner pled guilty on May 8, 2008, and was sentenced on October 21, 2008.  Mr. Pennick was

---

[6]*Id.*

[7]*Id.*

[8]*Id.*

[9]*United States v. Duke*, 50 F.3d 571, 576-77 (8th Cir. 1995).

present and sat with Petitioner's counsel at the sentencing hearing (and I believe he also attended the plea hearing).  So, Petitioner knew, or should have known, of the evidence long before he was sentenced, and possibly before he pled guilty.

As to part 3 of the test, this "new" evidence appears to me to be cumulative.  During the sentencing hearing, Defendant questioned witnesses and presented numerous documents attempting to show that he had not intended to defraud anyone, but had been duped by third parties.

Whether the evidence is material -- part 4 of the test -- is questionable at best.  It seems to me to be another attempt to attribute fault to someone else.  Whether Metropolitan "wrongly induced Terminella's business partner, Tom Morter, to decline to testify" at Petitioner's sentencing hearing is irrelevant, because Petitioner could have subpoenaed Mr. Morter to testify.

For part 5 -- the evidence must be likely to produce an acquittal if a new trial is granted -- Petitioner argues that had I known about this evidence at the time, I would have given him a lower sentence.  I disagree.  During the sentencing hearing, I considered alternate sentences based on the parties' arguments over intended loss.  Under Petitioner's theory, the guideline range was 15 to 21 months (which I believe was not sufficient considering the offense).  Based on the Prosecution's theory -- considering an intended loss of $3,787,188 -- Petitioner's guideline range was 121 to 151 months (but I was not comfortable with the loss figure).  Although I was leaning toward the Prosecution's theory, I decided that a King Solomon decision was most appropriate, and sentenced Defendant to 72 months in prison.  This "new" evidence does not change my position.  The fact remains -- even in light of Petitioner's "new" evidence -- that Petitioner intended to divert the assets for personal gain.[10]

---

[10] Notably, during the hearing, I said that even if Petitioner was taken by the appraiser and the bank, he was still fraudulently gambling with other people's money.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. No. 54) is DENIED.

IT IS SO ORDERED this 13th day of January, 2010.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE