IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                    4:07CR00010-01-BRW

FRANK WHITBECK

ORDER

Pending is Defendant's Motion for Release of Funds Motion for Order to Release Settlement Funds (Doc. No. 76). The Government has responded and Defendant has replied.[1] An in-court hearing was held today regarding the motion. For the reasons set out below, the motion is DENIED.

In his motion, Defendant requests three things:

(1) that the Clerk of the Court be permitted to distribute the funds directly to the Receiver – This request is DENIED as MOOT because the Clerk of the Court issued a check to the victim on January 7, 2016.

(2) that Defendant be permitted to make all future payments directly to the Receiver – This request is DENIED because I see no prejudice (and the parties cited none) in requiring Defendant to continue to pay the Clerk consistent with the restitution order. Additionally, this procedure allows the Clerk to track payments and reduce the outstanding restitution accordingly.

(3) that upon full payment of a civil-court settlement amount with the victim, Defendant be "released from any further obligations of restitution in this matter."[2] – This request is DENIED because this Court lacks jurisdiction to modify the restitution order based on the state-

---

[1]Doc. Nos. 79, 80.

[2]Doc. No. 76.

1

court settlement. Defendant settled with the victim for $300,000, while the original restitution amount was $3,700,000. But, 18 U.S.C. § 3664 "provides no basis for the discharge of an entire restitution obligation on grounds of a negotiated partial payment."[3] "Moreover, 'the clear language of § 3664(k) allows a defendant to notify the court of any change in his economic circumstances *that might affect his ability to pay restitution*.' In other words, the statute permits the modification of a restitution order based on a change in a defendant's *ability* to pay, but not a change in his *obligation* to pay."[4] Neither the statutes nor case law provided by Defendant support his position that the Court has the authority to consider the restitution paid in its entirety once the settlement amount is paid in full.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Release of Funds Motion for Order to Release Settlement Funds (Doc. No. 76) is DENIED.

IT IS SO ORDERED this 21st day of January, 2016.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[3] *United States v. Maestrelli*, 156 Fed. Appx. 144, 146 (11th Cir. 2005) (*per curiam*).

[4] *United States v. Rooney*, No. 3:01-CR-231-D, 2014 WL 3865974, at *3 (N.D. Tex. Aug. 6, 2014) (quoting *Maestrelli*, 156 Fed. Appx. at 146) (emphasis in original).